[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Here the plaintiffs' appeal the planning commission's denial of their application to subdivide an industrial tract off route 7 and the Housatonic River Valley into 72 lots. The Board based its decision in part, upon the denial of the plaintiffs' application for wetlands development by the State Department of Environmental Protection (D.E.P.) and upon the fact that the principal access road, Commerce Road, would exceed the eight (8) percent grade required of subdivision roads.
 I
The plaintiffs are owners of the subject property and are found to have standing. CT Page 3812
 II
The plaintiffs have attached to their brief a copy of the subdivision plan which outlines in color the wetlands subject to the construction. (Record Item #47, Ex. 3). The record supports the findings by the Commission that the Commissioner of the D.E.P. here charged with granting such permits, denied the plaintiff the wetlands permits they sought to build two access roads through the wetlands and develop industrial sites within those wetlands and to build a storm water detention basin in the northerly portion of the property. Because such permitted activity was not demonstrated as not affecting the wetlands adversely, the D.E.P. denied the permits.
The planning commission was required by statute to duly consider this report. The court finds from the record that the entire configuration of the access roads within the easterly portion of the subdivision was affected by the D.E.P. decision. This change in the location and construction of the two access roads may change the configuration and location of a number of proposed subdivision lots and whether a storm water detention basin at the same location will be required thereafter is also unknown. Whether the wetlands development approval would be required or granted for new plans is not known to the court. It may make such a speculative decision. The Commission accordingly was acting properly in relying upon the denial of approval for the submitted plans.[1]
The denial was also supported by the planning commission's finding that the principal access road was for 1500 feet in excess of a maximum eight (8%) percent grade. The applicants have submitted at the hearing that they will correct they will correct that grade. Here again it does little good to surmise what final subdivision plans would be considered by the planning board if partly amended during the hearing process. What features of the subdivision may be affected by a change of trade including the location and configuration of the proposed lots may not be left to speculation.
The court again sustains the denial of the approval and suggests that plans taking into account the wetlands development and road grade requirements, upon which the plaintiffs will in the future and in fact subdivide the parcel are those for which approval should be sought.
McDONALD, J.